---

EITTINGON-SCHILD Co., INC., Plaintiff, *v.* LOUIS FRIEDMAN and Another, Copartners, Doing Business under the Firm Name and Style of FRIEDMAN & HERSKOVITZ, Defendants.

First Department, July 6, 1925.

Sales — action to recover purchase price of furs shipped from China — invoice stated arrival in April and letter accompanying invoice stated that plaintiff " expect " goods to arrive in April — delivery delayed through damage to ship — letter and invoice must be read together as constituting contract — no warranty as to time of delivery.

In an action to recover the purchase price of furs to be shipped from China, the defendant was not entitled to reject the goods on the ground that they were not delivered at the time agreed upon in the contract of sale, since it appears that while the invoice stated that the goods would arrive in April, a letter bearing the same date and incorporating the invoice or a part thereof by reference, which accompanied the invoice, stated " we expect them to arrive some time in April," for the letter and invoice must be read together as constituting the contract between the parties, and as so read there was no warranty or agreement positively made that the goods would be delivered in April.

SUBMISSION of controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*Hays, St. John & Buckley* [*Arthur Garfield Hays* of counsel; *Sidney Struble* with him on the brief], for the plaintiff.

*J. Sidney Bernstein* [*Alfred R. Page* of counsel], for the defendants.

McAvoy, J.:

The parties set forth their controversy, which they submit for decision, as follows:

On the 22d day of November, 1919, the plaintiff sold or contracted to sell to the defendants 50,000 raw blue marmots, a kind of fur skins. The invoice therefor (attached to submission) was sent to the defendants on November 22, 1919, accompanied by a letter (attached to submission). The goods in question, consisting of sixty-two bales, were delivered to the agents of the Pacific Mail Steamship Company at Tientsin, China, on January 31, 1920, for shipment on the steamship *West Selene*, consigned as follows: " To order of National Bank of Commerce. Notify Eitingon-Schild Co., Inc.," and a bill of lading dated January 31, 1920, was issued. The goods were lightered from Tientsin to Shanghai, China, where they were placed aboard the said steamship *West Selene*. The steamship sailed from Shanghai on February 17, 1920, bound for San Francisco. *En route* between Manila and Honolulu the steamer lost two propeller blades and was towed into Honolulu harbor for repairs. After repairs were made, it left Honolulu on April 25, 1920, arriving at San Francisco on May 6, 1920. The goods arrived in New York in the latter part of May, 1920. On February 13, 1920, the defendants sold or contracted to sell 30,000 of said marmots to Charles Weinshenker, Inc., Milton Schreiber and Gitler & Co., Inc. Upon the arrival of the goods in New York, the said Charles Weinshenker, Inc., Milton Schreiber and Gitler & Co., Inc., refused to accept delivery upon the ground that the defendants had failed to deliver the 30,000 marmots within the time specified in the agreement between them and the defendants. The defendants thereupon accepted all of the marmots purchased by them from the plaintiff under an agreement entered into between the plaintiff and the defendants on the 28th day of May, 1920, which provided that in the event that the refusal of the said Charles Weinshenker, Inc., Milton Schreiber and Gitler & Co., Inc., to accept and pay for said goods be sustained at law, the plaintiff was to hold the defendants free and harmless from any loss that they might sustain as a result of their acceptance of such goods, provided, however, that the resale by the defendants of the said 30,000 marmots was made by them upon the same terms and conditions as they were sold to the defendants, other than as to price, terms of payment and quantity.

It was agreed between the parties that if the contract of sale of the defendants to Charles Weinshenker, Inc., Milton Schreiber and Gitler & Co., Inc., was upon terms and conditions different from the contract between the plaintiff and the defendants herein, except as to price, terms of payment and quantity, then the defendants are liable to the plaintiff for the sum stated hereafter.

Upon the failure of said Charles Weinshenker, Inc., Milton Schreiber and Gitler & Co., Inc., to accept and pay for the said 30,000 marmots, the defendants herein, pursuant to the said agreement of May 28, 1920, and with the consent and approval of the plaintiff, instituted an action against them for the purchase price in the Supreme Court, New York county. The said Charles Weinshenker, Inc., Milton Schreiber and Gitler & Co., Inc., interposed in said action the defense that their vendors had by the terms of their contract of sale agreed to deliver the said goods in April, 1920, that they failed to make such delivery in April, 1920, and that thereupon and by reason of such default they rescinded their agreement to purchase the same. This defense was sustained and the defendants here (the plaintiffs there) failed to recover on their claim.

By reason of the payment for the 20,000 marmots accepted by the defendants under the terms of the agreement of May 28, 1920, and by reason of the sale of the remaining 30,000 marmots by consent of all parties, and the application of the proceeds thereof, the amount now in dispute between the plaintiff and the defendants herein is $48,150.91, with interest from June 30, 1924.

The question submitted on this statement is: Was the resale of the 30,000 marmots by the defendants to Charles Weinshenker, Inc., Milton Schreiber and Gitler & Co., Inc., upon the same terms and conditions as they were sold by the plaintiff to the defendants herein, excepting as to price, terms of payments and quantity? If the answer is "Yes," then judgment is to be rendered in favor of the defendants, without costs. If the answer to the question is "No," judgment is to be rendered in favor of the plaintiff against the defendants for the sum of $48,150.91, with interest from June 30, 1924, but without costs. We reach the conclusion that the contract of resale made by defendants to their customers was upon different terms from those upon which defendants had purchased the goods.

The intent of the parties to the contract with respect to the arrival of the goods is to be gathered from the transaction between them considered in its entirety, and the question then arises as to whether or not the letter accompanying the invoice of the plaintiff, which bears the same date and incorporates the invoice or a part

thereof by reference thereto, is to be considered as part of the agreement between the parties, or is to be disregarded as not a part of the contract, leaving the invoice sent by plaintiff as the complete contract.

Plaintiff contends that the letter and invoice, dated November 22, 1919, and contemporaneously executed, represent the terms upon which the plaintiff sold the goods to the defendants, and that these writings must be construed together as constituting but one contract. The terms in controversy are those regarding the time of shipment and the time of arrival. Plaintiff's letter accompanying the invoice states the time of arrival as follows: " The goods are to leave Tientsin about January, 1920, and we expect them to arrive some time in April." The defendants' contract of sale to the third party stated: " These goods are sold subject to same conditions which govern our purchase as regard to shipping and the arrival and also as to quality as follows:" etc. The defendants then set forth their notion of what those conditions were in their contract with their purchaser as follows: " Leaving Tientsin in January to arrive in April, 1920." This phrase was judicially determined when defendants sued their purchaser. It was held then that such statement imports an absolute obligation to have the goods in New York in the month of April, 1920. The defendants, therefore, lost the suit against their purchaser. If the plaintiff's letter is to be construed with its invoice, it is obvious that it made no absolute promise that the goods would arrive in April. Not being an absolute promise there was no warranty and the language employed was merely a statement of expectation of the arrival of the goods.

We are convinced that the two exhibits, the invoice and letter, constitute plaintiff's contract with defendants. What was said in Exhibit " B " is in explanation of the terms in Exhibit " A," and certainly is some indication of the intention of the plaintiff as to what those terms should mean, and it is not unreasonable to assume that the mind of the person receiving such contract would be influenced to believe that the explanatory note in the letter as to time of arrival was in diminution of the precise terms contained in the invoice.

Judgment, therefore, should be rendered for the plaintiff upon the submission.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Judgment directed for plaintiff. Settle order on notice.